IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSE COOLEY, JR., | * |
| | * |
| Petitioner, | * |
| | * |
| vs. | * CIVIL ACTION NO. 22-00325-TFM-B |
| | * |
| ALABAMA DEPARTMENT OF MENTAL HEALTH, | * |
| | * |
| | * |
| Respondent. | * |

**REPORT AND RECOMMENDATION**

Petitioner Jesse Cooley, Jr., an inmate at the Mobile County Metro Jail, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] (Doc. 1). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing § 2254 Cases. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED as duplicative** of an earlier-filed § 2254 habeas petition currently pending before this Court.

I.   **BACKGROUND**

Cooley's petition in this matter names the Alabama Department of Mental Health as the Respondent and challenges his confinement

---

[1] At the time of filing, Cooley did not pay the $5.00 statutory filing fee and did not file a motion to proceed without prepayment of fees.

following a criminal judgment in Mobile County Circuit Court Case Number CC-1981-000725.00 finding him not guilty of murder by reason of insanity.  (Id. at 1-2, 5-6).  Cooley claims that he "keep[s] being confine[d] without cause," despite being completely rehabilitated of mental problems, knowing right from wrong, and not having broken the law in forty years.  (Id.).  Cooley contends that the "group homes [are] full of unlawful drugs" and states that he has "trouble being around any kind of unlawful drugs." (Id. at 7).  He also asserts that the State cannot provide adequate treatment for his cancer.  (Id. at 8).  Cooley asks the Court to "let [him] go home" or to send him to AltaPointe Health's "hospit[a]l unit" or to "Independent Living United for the rest of [his] life."  (Id. at 11).

Prior to filing the instant petition, Cooley filed a petition in this Court seeking habeas corpus relief under § 2254 which, although not identical in form to the instant petition, raised essentially the same claims and sought the same relief. See Cooley v. Cochran, No. 1:22-cv-00297-CG-B (S.D. Ala. filed July 7, 2022), ECF No. 1.  Because Cooley's petition in that case was not on this Court's required § 2254 petition form, the Court ordered Cooley to refile his petition using the required form.  Id., ECF No. 2.  In response, Cooley filed a § 2254 petition on the Court's form, which

2

reiterated and expounded on his claims.[2] Id., ECF No. 3. A comparison of that petition with the instant petition reflects that the petition in Cooley's earlier-filed action challenges the same confinement, raises substantially the same claims, and seeks the same relief as the petition in this action.

## II. DISCUSSION

In light of the foregoing, the instant petition is duplicative of another action currently pending in this Court. See I.A. Durbin, Inc. v. Jefferson Nat. Bank, 793 F.2d 1541, 1551 (11th Cir. 1986) ("[A] suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions."). In order to avoid duplicative litigation, a trial court may, in the exercise of its discretion, either stay or dismiss a duplicative action. Id. at 1551-52.

The undersigned can discern no legitimate reason for staying this action, given that Cooley is challenging his confinement in an earlier-filed action currently pending before this Court on substantially the same grounds as those raised in the instant petition. Accordingly, the undersigned recommends that the instant habeas corpus petition and this action be dismissed as duplicative of Case No. 1:22-cv-00297-CG-B.

---

[2] The operative § 2254 petition in Cooley's earlier-filed action appears to list "Mr. Sam Chochran or The Mental health – Miss Miller mental health worker over 911" as the Respondent. See Cooley v. Cochran, No. 1:22-cv-00297-CG-B, ECF No. 3 at 1.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, R. 11(a). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the issues presented in light of the applicable standards, the undersigned submits that reasonable jurists would not conclude that this Court is in error in dismissing the instant petition as duplicative or that Cooley should be allowed to proceed further. Thus, the undersigned

4

submits that Cooley is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

### IV.  CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Petitioner Jesse Cooley, Jr.'s § 2254 habeas petition (Doc. 1) and this action be **DISMISSED as duplicative** of Cooley's earlier-filed habeas proceeding, Case No. 1:22-cv-00297-CG-B, which is currently pending before this Court.  The undersigned also submits that Cooley is not entitled to a certificate of appealability and is not entitled to proceed *in forma pauperis* on appeal.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

5

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **18th** day of **October, 2022.**

                                             **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**