**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JESSE COOLEY, JR.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **CIV. ACT. NO. 1:22-cv-325-TFM-B** |
| ) | |
| **ALABAMA DEPARTMENT OF** ) | |
| **MENTAL HEALTH** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION AND ORDER

On July 29, 2026, the Court received a motion to reinstate this case over 3.5 years since Judgment was entered. *See* Doc. 8. The Court cannot simply reinstate a closed case without jurisdiction and legal basis to do so. Therefore, the Court looks at the motion as request for reconsideration which the Court will consider under both Fed. R. Civ. P. 59 and 60.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1040, 128 S. Ct. 660, 169 L. Ed. 2d 511 (2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). Further, a motion under Rule 59 must be filed no later than 28 days after the entry of judgment. FED. R. CIV. P. 59(b). This motion is over 3 years since the entry of judgment so it is untimely and cannot be considered under Rule 59.

The Court also considered the Plaintiff's documents under Fed. R. Civ. P. 60(b). Rule 60(b) provides a party, on motion, relief from a final judgment, order, or proceeding for the

following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6).  A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of judgment.  FED. R. CIV. P. 60(c)(1).

As the motion is well beyond one year, the only reasons the Court could consider are under Rule 60(b)(4)-(6).  Even reviewing under those provisions, the Court finds no basis to grant Petitioner relief.  As such, any reconsideration under Rule 60 is also **DENIED**.

**DONE** and **ORDERED** this 11th day of August, 2026.

> /s/Terry F. Moorer
> TERRY F. MOORER
> UNITED STATES DISTRICT JUDGE